GEORGE P. DAVIS, Respondent, v. JAMES B. COLT, Appellant.

1. Judgment affirmed upon motion of respondent, no exceptions having been at all taken to the action of the court below.

*Appeal from St. Louis Court of Common Pleas.*

The respondent filed his motion to affirm the judgment of the St. Louis court of common pleas, for the reasons that the appellant, 1st, saved no exceptions to the rulings of the court below during the proceedings had in said cause ; 2d, made no motion in arrest of judgment, or to set aside the judgment by default rendered in said cause ; 3d, presented no bill of exceptions ; 4th, is debarred from taking any exceptions in this court not expressly decided in the court below.

Davis v. Colt.

*Holliday*, for respondent.

I. The supreme court will not reverse the judgment of the court below, unless a motion be there made to set aside the judgment, and the refusal is excepted to and made part of the record. (Hickman v. Barnes, 1 Mo. 156.) Nothing can be assigned for error in the supreme court, unless it was made the subject of exception in the court below. (Sweringen v. Newman, 4 Mo. 456; Hanly v. Holmes, 1 Mo. 84; Hammond v. Relfe, 1 Mo. 232; Brun v. Dumay, 2 Mo. 125; R. C. 1855, p. 1300, § 33.)

II. It is the duty of the plaintiff in error to show by his bill of exceptions the error of the inferior court. The presumption is in favor of the judgment of that court. (Riney v. Vanlandingham, 9 Mo. 816.)

III. The supreme court will not consider any thing as a ground for reviewing a proceeding or judgment of the court below which has not been finally passed upon by that court, either in a motion for a new trial, if the alleged error has relation to proceedings during the trial, or in arrest of judgment if relating to the pleadings. (Warner v. Morin, 9 Mo. 455; Cashman v. Anderson, 26 Mo. 67; Harrison v. Davis, 26 Mo. 184; Bancroft v. Browning, 27 Mo. 234.)

*N. Holmes*, for respondent.

I. An appeal has the same effect as a writ of error. A writ of error lies upon any final judgment. (Hill v. Young, 3 Mo. 238; Martin v. Hays, 5 Mo. 62.) Error on the face of the record will be reviewed either on motion in arrest, or on writ of error. (Steph. Pl. 146, 152.) A judgment on demurrer may be reviewed and reversed because it is a matter of record. (Palmer v. Crane, 8 Mo. 619.) Court will look into the whole record. (Tate v. Barrett, 1 Mo. 115; Thompson v. Northcot, 1 Mo. 224; Andrews v. Lynch, 27 Mo. 167.)

When on the face of the record no cause of action appears, it is no answer that the objection was not raised in the court

below by demurrer or motion in arrest of judgment. (Burns v. Patrick, 27 Mo. 434; Perrine v. Cole, 28 Mo. 486; West v. Miles, 9 Mo. 168.)

II. The statute, R. C. 1300, § 33, relates only to such "proceedings" as require objections, exceptions, motions, and bills of exceptions, for the purpose of calling the attention of the court to the matter, that it may be put on the record. (Thomas v. Erskine, 7 Mo. 215; Long v. Story, 13 Mo. 4; Ploerschs v. Bank of Mo. 10 Mo. 517; Gordon v. Gordon, 13 Mo. 215; 20 Mo. 453; Sickles v. Abbott, 21 Mo. 443; State v. Shehane, 25 Mo. 566; Cornelius v. Grant, 8 Mo. 59.)

BATES, Judge, delivered the opinion of the court.

In this case judgment was given in the court below against the defendant, who took no exception to any part of the action of that court.

The respondent now moves this court for an affirmance of that judgment. The motion is granted.

Judgment affirmed. Judges Bay and Dryden concur.